J-S18020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK A. BROWN | |
| Appellant | No. 3007 EDA 2016 |

Appeal from the PCRA Order dated September 6, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0306772-1990

BEFORE: PANELLA, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED JUNE 26, 2017**

Appellant Mark A. Brown appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

In 1990, a jury convicted Appellant of first-degree murder, arson, and engaging in activities of corrupt organizations.[1] In 1994, Appellant was sentenced to life imprisonment for murder, and to a consecutive prison sentence of forty-three to eighty-six months on the corrupt organizations charge.[2] We affirmed the judgment of sentence on April 5, 1995. ***See Commonwealth v. Brown***, No. 1920 PHL 1994 (Pa. Super. Apr. 5, 1995)

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(a), 3301(a), and 911, respectively.

[2] Appellant received no additional penalty for the arson conviction.

(unpublished memorandum). Appellant did not seek review by the Supreme Court of Pennsylvania. Appellant thereafter filed several PCRA petitions, none of which were successful.[3]

Appellant did have success, however, in federal court: in 2008, Appellant filed a *pro se* Petition for a Writ of *Habeas Corpus* in the United States District Court for the Eastern District of Pennsylvania. As a result of that petition, the District Court issued an order instructing that Appellant's conviction for violating the corrupt organizations law be vacated and Appellant be resentenced without regard to that charge. ***See Brown v. Kerestes***, No. CIV.A. 08-1643, 2008 WL 4570562 (E.D. Pa. Oct. 9, 2008).[4]

The trial court entered an order in 2009 vacating the corrupt organizations conviction and stating that the original sentences on the murder and arson convictions "stand as originally recorded." Appellant

_____

[3] The first of these petitions was filed in 1997 and was dismissed by the PCRA court. We affirmed the dismissal, ***see Commonwealth v. Brown***, No. 1860 PHL 1998 (Pa. Super. June 22, 1999) (unpublished memorandum), and the Pennsylvania Supreme Court denied review. ***See Commonwealth v. Brown***, No. 477 E.D.Alloc. 1999 (Pa. Nov. 4, 1999). The second petition was filed in 2000. It was dismissed by the PCRA court in 2001, and the subsequent appeal was dismissed by this Court in 2002 for failure to file a brief. The third petition was filed in 2004. It was dismissed by the PCRA court as untimely that same year, and Appellant did not appeal its dismissal.

[4] The relief was granted based on ***Commonwealth v. Besch***, 674 A.2d 655 (Pa. 1996), in which the Supreme Court held that the Pennsylvania Corrupt Organizations Act did not apply to wholly illegitimate enterprises (such as the one in which Appellant participated). The other ten issues that Appellant raised in his federal *habeas* petition were dismissed by the District Court, and Appellant did not appeal that ruling.

appealed, and in August 2010, we remanded for resentencing, specifying that the trial court was to resentence at a hearing at which Appellant was represented by counsel. *See Commonwealth v. Brown*, No. 457 EDA 2009 (Pa. Super. Aug. 17, 2010) (unpublished memorandum). In December 2010, Appellant was again sentenced, following a hearing, to life imprisonment for first-degree murder.

Appellant appealed from his 2010 resentencing. He asserted that the corrupt organizations charge adversely affected the evidence presented against him at trial on the other two charges, and, because his corrupt organizations conviction has since been vacated, he should be awarded a new trial on the remaining charges. On September 20, 2012, we affirmed the trial court's denial of a new trial, because —

> a claim for a new trial and challenges to the admission of evidence are not within the scope of an appeal from resentencing pursuant to a federal *habeas corpus* petition. Guilt was established for the [murder and arson] charges in 1990, more than twenty years ago, and Appellant's last PCRA petition was dismissed in 2004. . . . [O]nly issues pertaining to the resentencing procedure [can] be raised on appeal from that resentencing.

*Commonwealth v. Brown*, No. 34 EDA 2011, at 8 (Pa. Super. Sept. 20, 2012) (unpublished memorandum).[5] The Supreme Court denied *allocatur* on April 11, 2013.

---

[5] We also addressed the merits of the request for new trial out of "an abundance of caution." *Brown*, No. 34 EDA 2011 at 8.

Appellant filed the instant PCRA petition on May 3, 2013. In it, Appellant asserted that his petition was timely because it was filed before July 10, 2014. Appellant reasoned that July 10, 2013 was ninety days after April 11, 2013 (the date the Pennsylvania Supreme Court denied review of the appeal from Appellant's 2010 resentencing), and therefore was the date when his time for seeking review by the United States Supreme Court expired. **See** PCRA Pet., 5/3/13, at 10-11; **see also** U.S. Sup. Ct. R. 13 (an appellant has ninety days following the exhaustion of state review to seek review with the United States Supreme Court). Therefore, he concluded, his petition was timely so long as he filed it within a year of that date. **See** 42 Pa.C.S. § 9545(b)(1) (PCRA petitions must generally be filed within one year of the date the judgment becomes final); (b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review").

Counsel was appointed to represent Appellant, and on July 14, 2016, counsel filed a petition to withdraw and a "no-merit letter" pursuant to the requirements of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), because counsel concluded that the petition was untimely. Appellant's petition was dismissed by the PCRA court as untimely on September 6,

2016, and counsel was permitted to withdraw.[6] Appellant filed a timely *pro se* appeal, raising the following issues:

> A. Whether trial counsel was ineffective for not objecting to violations of Appellant's rights under the Vienna Convention. Appellant is a citizen of Jamaica and was not informed of his rights to contact the Consulate for advice or assistance in preparing his legal defense and helping him understand his legal rights?
>
> B. Whether trial counsel was ineffective for not allowing Appellant to testify depriving him the opportunity to deny the charges directly and present his version to the jury?
>
> C. Whether trial counsel was ineffective for not requesting a directed verdict when Appellant's three co-defendants were found not guilty eliminating the Commonwealths' [*sic*] theory of conspiracy and the only evidence to support it?
>
> D. Whether PCRA counsel was ineffective for filing a no-merit letter where the sentence on the charge of first degree murder and arson warrants a new trial where Appellant had been discharged on the Corrupt Organization charge supporting them?
>
> E. Whether PCRA counsel was ineffective for filing a no-merit letter where the right to trial before an impartial jury guaranteed by the Pennsylvania Constitution requires the disqualification of juror with a personal relationship with a family member of a Commonwealth witness that existed in the instant case?

Appellant's Brief at 3.

When we review an order dismissing a petition under the PCRA, our standard is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA

_____

[6] It does not appear from the record that the PCRA court complied with the notice requirements of Pa.R.Crim.P. 907 before dismissing Appellant's petition without a hearing; however, that issue is not before us for review.

court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (citations and internal quotation marks omitted).

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Furgess***, 149 A.3d 90, 92 (Pa. Super. 2016). We have explained:

> Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b)(1) of the statute.

***Id.*** (footnote omitted).[7]

_____

[7] The three exceptions are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petition which asserts one of the three exceptions must be filed within sixty days of the earliest date that the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Appellant does not claim that one of the three Section 9545(b)(1) timeliness exceptions applies to his petition. Rather, Appellant asserts that his judgment became final on July 10, 2013, following the conclusion of our state courts' review of his 2010 sentencing and the expiration of the time when he may have sought review in the United States Supreme Court. *See* Appellant's Reply Brief at 2. In essence, although Appellant was originally sentenced for first degree murder and arson in 1994, Appellant argues that the resentencing he received in 2010 (which flowed from the successful grant of his federal *habeas corpus* petition) replaced his original 1995 judgment date with a new 2013 judgment date from which the PCRA's jurisdictional clock should run.

The PCRA court disagreed that Appellant's petition was timely, and so do we. In **Commonwealth v. McKeever**, 947 A.2d 782 (Pa. Super. 2008), McKeever pleaded guilty to several charges, including a corrupt organizations charge, and was sentenced accordingly. **Id.** at 783. He initially filed a direct appeal, but later discontinued it. **Id.** Later, he petitioned the federal district court for *habeas corpus* relief. The federal court granted that petition and ordered the trial court to vacate the corrupt organizations charge and resentence McKeever. **McKeever**, 947 A.2d at 783. In addition to resentencing, McKeever requested that the trial court allow him to withdraw his guilty plea, but the trial court denied that relief. **Id.** at 784. The

defendant appealed, we affirmed the denial of the requested relief, and the

Pennsylvania Supreme Court denied review. *Id.*

McKeever then filed a PCRA petition, which was dismissed by the PCRA

court. *McKeever*, 947 A.2d at 784. We affirmed that dismissal based on the

petition's untimeliness, and stated:

> The Eastern District Court's grant of federal *habeas corpus* relief as to [the defendant]'s corrupt organizations convictions does not "reset the clock" for the finality of [the defendant's] judgment of sentence . . . for purposes of the PCRA where the relief granted . . . neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only. . . .
>
> Although [the defendant] successfully challenged his corrupt organizations convictions and sentences successfully in federal court, the remainder of his convictions, each having a distinct sentence, were not disturbed by the Eastern District Court's grant of *habeas corpus* relief or by the trial court when it vacated the corrupt organizations sentences in its resentencing order.

*Id.* at 785 (citations and footnote omitted).

This Court therefore determined that McKeever's convictions, which

had not been disturbed by the federal court, became final when McKeever

had discontinued his direct appeal, and that McKeever's PCRA petition, which

challenged those convictions, was untimely for purposes of PCRA

jurisdiction. 947 A.2d at 786. *See also Commonwealth v. Lesko*, 15 A.3d

345 (Pa. 2011).[8]

_____

[8] In *Lesko*, we held that, when a trial court resentenced a defendant after a federal court granted his *habeas corpus* petition, the defendant's subsequent PCRA petition — which was filed within a year of the entry of his new

*(Footnote Continued Next Page)*

The instant case is nearly identical to **McKeever**. Appellant's conviction on the corrupt organizations charge has been vacated through the federal *habeas* petition, Appellant has consequently been resentenced by the trial court, and Appellant's PCRA petition comes within one year after that judgment became final. However, the finality of the convictions which Appellant seeks to challenge has remained undisturbed since May 5, 1995, when the period in which Appellant could have sought review by the Pennsylvania Supreme Court expired and his direct appeal concluded. **See McKeever**, 947 A.2d at 786. Therefore, Appellant cannot now file a PCRA petition raising errors unrelated to his resentencing. **Id.** at 785; **accord Lesko**, 15 A.3d at 357-67. To allow otherwise would thwart the jurisdictional timeliness requirements of the PCRA.

Appellant's petition therefore is untimely, and the PCRA court correctly held that it lacked jurisdiction to consider it. **Id.** at 785-86.[9]

*(Footnote Continued)* _____

sentence but which raised claims unrelated to his resentencing — was untimely. We stated, "[A] limited grant of federal habeas sentencing relief does not give rise to a 'right' to full-blown serial PCRA review of a trial whose result (conviction) has long been final," and "the answer to whether the federal civil collateral order entered in this case operates to reopen the final Pennsylvania judgment concerning the verdict of guilt is clear[:] It does not." 15 A.3d at 357-67.

[9] We agree that Appellant would have had one year from July 10, 2013, in which to file a timely PCRA petition raising claims based on alleged errors regarding his resentencing, provided that his claims had not been previously litigated or waived. **See** 42 Pa.C.S. § 9543. In its Pa.R.A.P. 1925(a) opinion, the PCRA court indicated that Appellant had one year from the date of the entry of the District Court's *habeas* order in which to file a PCRA petition

*(Footnote Continued Next Page)*

- 9 -

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/26/2017</u>

---

*(Footnote Continued)*

raising such issues. The PCRA does not include the date of a dismissal of claims by a federal court in the determination of the timeliness of a PCRA petition;  it looks only to the finality of judgment, which is based on direct review. ***See*** 42 Pa.C.S. § 9545(b)(3). This error does not affect our analysis.